# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1629

_____

| | | |
|---|---|---|
| Richard Otto Hansen, | * | |
| | * | |
| Plaintiff - Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| John Doe, in His Official Capacity, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: April 17, 2009
Filed: August 21, 2009

_____

Before LOKEN, Chief Judge, HANSEN and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In October 2003, Richard Otto Hansen was convicted of pandering in Nebraska state court. See Neb. Rev. Stat. § 28-802. The plea agreement revealed that he was originally charged with two counts of sexual assault of victims less than sixteen and fourteen years of age. When transferring Hansen to federal custody at the end of his prison term for the pandering offense, state correctional officer John Doe instructed Hansen to register as a sex offender under the Nebraska Sex Offender Registration Act (SORA), Neb. Rev. Stat. §§ 29-4001-14. Hansen refused. Doe issued a citation in lieu of arrest for violating SORA. See Neb. Rev. Stat. §§ 29-424, 4011(1). Hansen then filed this lawsuit under 42 U.S.C. § 1983, alleging that the citation violated his

federal constitutional rights to procedural and substantive due process and requesting damages and an injunction barring the State from applying SORA to him.

Nebraska's SORA is administered by the Nebraska State Patrol. The statute applies to persons who plead guilty to or are found guilty of a lengthy list of registrable offenses that includes "Pandering of a minor." Neb. Rev. Stat. § 29-4003(1)(a)(viii). The statute provides that, when sentencing a person convicted of a registrable offense, "the court shall . . . [p]rovide written notification of the duty to register." § 29-4007(1)(a). In addition, the State Patrol's regulations provide that any person may request a determination of the applicability of the registration program, and the Patrol's administrative determination may be appealed to state court under the State's Administrative Procedures Act. See 272 Neb. Admin. Code § 19-004.

Hansen argues that, because SORA applies to persons found guilty of "Pandering of a minor pursuant to section 28-802," and because § 28-802 prohibits "Pandering" without regard to the age of the victim, he was not convicted of "Pandering of a minor" and cannot constitutionally be charged with failing to register. In other words, Hansen argues that SORA does not apply unless the victim's age was a statutory element of the pandering offense. The district court[1] granted Doe's motion to dismiss, concluding (i) the damage claim against Doe in his official capacity is barred by the State's Eleventh Amendment immunity, (ii) the complaint "does not allege a liberty interest worthy of procedural [due process] protections," and (iii) Hansen alleged no facts from which the court could conclude that a citation for failure to register under SORA "shocks the conscience or offends judicial notions of fairness and human dignity." Hansen appeals the latter two rulings. After careful review of the record, we affirm for the reasons stated in the district court's Memorandum and Order dated January 16, 2008. See 8th Cir. Rule 47B.

_____

[1]The HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska.

-2-